OPINION
{¶ 1} Defendant-appellant Ronda Prechtl appeals from a judgment of the Kettering Municipal Court dismissing her appeal from an order of the Moraine Mayor's Court. Prechtl contends that the trial court erred when it decided that her appeal from the order of the mayor's court was not timely filed.
 {¶ 2} Although we agree that Prechtl's appeal was timely, we conclude that the trial court correctly dismissed her appeal. In the mayor's court, Prechtl had sought relief from fines and the payment of court costs previously imposed upon her, upon the ground that she could not pay them due to indigency. The order from which her appeal to the municipal court was taken did not ultimately deny her the relief she was seeking. That order merely required her, by a specified date, either to pay the installment of fines and costs as previously ordered, or "[i]f the Defendant is not able to pay at that time the [Mayor's] Court will enter into an agreement with the Defendant to continue the fines and costs until the Defendant is able to pay said fines and costs."
 {¶ 3} Because the order of the mayor's court from which Prechtl took her appeal lacked the requisite finality to support appellate jurisdiction, the municipal court properly dismissed her appeal. The judgment of the municipal court is Affirmed.
 I {¶ 4} A stipulation of facts was entered in the municipal court. Although initially charged with three offenses, Prechtl ultimately pled guilty to one charge of Criminal Damaging, in violation of Moraine Ordinance 541.03, and to one charge of Contributing to the Unruliness of a Minor, in violation of Moraine Ordinance 537.18. With credit for time served, all of the remaining jail time imposed for both offenses was suspended. She was fined $250 for Criminal Damaging, with $125 suspended, and $1,000 for Contributing to the Unruliness of a Minor, with $850 suspended, for total unsuspended fines of $275. Court and other administrative costs imposed for both offenses totaled $140. The total of all fines and costs was $415.
 {¶ 5} It appears that Prechtl entered into a "Fine Payment Agreement," but the exact terms of this agreement are not entirely clear. It appears that she was supposed to make periodic cash payments, either weekly or bi-weekly, in the amount of $40, and that she made at least one payment in that amount. It further appears that Prechtl was jailed for one day as a consequence of her failure to pay as ordered and agreed, and that she was credited $50 toward her total obligation in recognition of the one day in jail that she served.
 {¶ 6} In early April, 2004, Prechtl signed two new "Fine Payment Agreements," which evidently obligated her to pay $20 towards her total obligation, every other week.
 {¶ 7} On May 17, 2004, Prechtl filed a Motion to Suspend Fines Due to Indigency. The entire text of that motion is as follows: "Now comes Ronda Prechtl, by and through counsel, and moves this Court [the mayor's court] to suspend the fines in this case on the grounds set forth in the Memorandum below." In her memorandum, Prechtl contended that she was unable to pay the fines and costs previously ordered, due to financial setbacks. She cited R.C. 2947.14 for the proposition that although an offender may be jailed for non-payment of a fine, in which event the offender shall be credited $50 for each day in jail until the fine is satisfied, there must be a hearing to determine whether the offender is able to pay, and the offender may not be held in jail if the offender is unable to pay the fine.
 {¶ 8} Although there never was a hearing in the mayor's court on Prechtl's motion, an order was entered in the mayor's court in response to the motion. This order is not dated, and bears no file stamp in the mayor's court. (It was filed in the Kettering Municipal Court on September 10, 2004, after an appeal from that order was taken to the municipal court.) Prechtl contends, and the State does not dispute, that the order of the mayor's court was received by her counsel on August 31, 2004. Her appeal to the municipal court was filed the next day, well within the ten-day period specified by R.C. 1905.23.
 {¶ 9} The order of the mayor's court, after some discussion of procedural history, continues as follows:
 {¶ 10} "A hearing was set for July 26, 2004. In reviewing [O.R.C.] Sections 2947.14 [sic] said section in this Court's opinion states that a determination of ability to pay must precede commitment. First, this Court has never put any Defendant in jail for their failure to pay fines and costs and, therefore, this section is not applicable. However, in dealing with whether or not the Defendant is indigent for the purposes of being able to pay fines and costs the Court looks to whether or not the Defendant, at the time she entered into the Fine Agreement on April 19, 2004, what her financial situation was. At that time the Defendant agreed she could pay $10.00 per week, per Case Number, on said fines and costs. At that time the Defendant states she was not employed, however, she was a nurse and that she would be able to pay said fines and costs.
 {¶ 11} "I find there is no change in circumstances in that the Defendant is still unemployed and no testimony was presented that would show there was any mental health issues or any physical ailment that would inhibit the Defendant from working.
 {¶ 12} "Therefore, the Defendant is ordered to appear in Court on September 7, 2004 at 7:00 p.m. to commence paying her fines and costs as previously ordered by this Court. If the Defendant is not able to pay at that time the Court will enter into an agreement with the Defendant to continue the fines and costs until the Defendant is able to pay said fines and costs. Additionally, this Court has indicated on numerous occasions that if the Defendant would bring in documentation from a physician or other professional indicating her inability to pay due to a medical condition that this Court would take that into consideration in determining the fines and costs.
 {¶ 13} "For the foregoing reasons the Motion of the Defendant, Ronda Prechtl, is overruled and a motion for hearing is denied."
 {¶ 14} Prechtl took her appeal from this order to the Kettering Municipal Court. The municipal court entered judgment dismissing Prechtl's appeal.
 {¶ 15} "The parties have agreed that the issues before the Court are (1) whether Defendant timely filed her appeal in 6the [sic] Moraine Mayor's Court, and (2) whether Defendant was entitled to a hearing in the Moraine Mayor's Court pursuant to Revised Code § 2947.14.
 {¶ 16} "Revised Code § 1905.23 provides that Defendant must file, within ten (10) days from the time a mayor renders judgment, a written notice of appeal designating the order or judgment appealed and the Court to which the appeal is taken.
 {¶ 17} "The Defendant's case in the Moraine Mayor's Court was concluded by plea and disposition on December 22, 2003. Defendant's Notice of Appeal herein was filed on September 02, 2004, more than eight (08) months following the disposition in the Moraine Mayor's Court. Clearly this Court lacks jurisdiction to hear the appeal.
 {¶ 18} "Defendant argues that she was entitled to a hearing on her ability to pay fines and costs at the time of sentencing, pursuant to Revised Code § 2947.14. At the time of sentencing on December 22, 2003, Defendant did not request a hearing and signed a fine agreement expressing a willingness and ability to pay her fines and costs.
 {¶ 19} "On May 17, 2004, Defendant filed a Motion to Suspend Fines due to indigency. Said Motion was not accompanied by affidavits or other documents in support thereof, and Defendant has not demonstrated a change in circumstances from the time she was sentenced and entered into the fine agreement. By her action and/or inaction Defendant waived the hearing provided by Revised Code § 2947.14(C).
 {¶ 20} "Accordingly the Court finds as follows:
 {¶ 21} "1. Defendant's appeal from the decision of the Moraine Mayor's Court was not timely filed and this Court lacks jurisdiction to hear the appeal.
 {¶ 22} "2. The Mayor did not err in overruling Defendant's May 17, 2004 Motion to Suspend fines.
 {¶ 23} "3. The Mayor's requirement for Defendant to pay or appear every other week did not violate Defendant's due process, nor did it violate Ohio law.
 {¶ 24} "Defendant's Appeal is dismissed."
 {¶ 25} From this judgment of the Kettering Municipal Court, Prechtl appeals.
 II {¶ 26} Prechtl's First Assignment of Error is as follows:
 {¶ 27} "THE COURT INCORRECTLY HELD THAT APPELLANT FAILED TO TIMELY FILE HER APPEAL."
 {¶ 28} Although we agree with Prechtl that the trial court erred by concluding that her appeal was not timely, we conclude that this error is harmless; the order from which Prechtl took her appeal to the municipal court was not a final, appealable order, so that the municipal court correctly dismissed her appeal for lack of jurisdiction, albeit for the wrong reason.
 {¶ 29} R.C. 1905.22 provides that: "Appeals from a mayor's court may be taken to the municipal court or county court having jurisdiction within the municipal corporation." Because the territorial jurisdiction of the Kettering Municipal Court encompasses the City of Moraine (R.C.1901.02(B)), it is clearly the proper forum for appeals from the Moraine Mayor's Court. R.C. 1905.23 is a bit more mysterious. That section provides, in pertinent part, as follows:
 {¶ 30} "Within ten days from the time a mayor renders judgment, the appellant shall file with the mayor's court a written notice of appeal designating the order or judgment from and the court to which the appeal is taken." (Emphasis added.)
 {¶ 31} A strict construction, making the distinction between judgments and orders, would lead to the absurd result that although an appeal from an order of a mayor's court is expressly contemplated, an appeal from a post-judgment order entered more than ten days after judgment could never be perfected, because the appeal time would have run before the order was entered. Consequently, we construe the section reasonably to provide that the appeal must be filed within ten days of the order or judgment from which the appeal is taken.
 {¶ 32} In this case, it appears that the order of the mayor's court from which the appeal was taken was entered, if at all, shortly before August 31, 2004, since Prechtl asserts, and the State does not dispute, that her counsel received a copy of that order on that date. The appeal was perfected the next day, September 1, 2004. We therefore disagree with the municipal court's conclusion that the appeal was not timely.
 {¶ 33} We have not been directed to any specific statutory authority defining the scope of a municipal court's appellate jurisdiction over orders of mayor's courts, in other words, what sorts of orders may be reviewed on appeal.
 {¶ 34} R.C. 2505.03(C) provides as follows:
 {¶ 35} "An appeal of a final order, judgment, or decree of a court shall be governed by the Rules of Appellate Procedure or by the Rules of Practice of the Supreme Court, whichever are applicable, and, to theextent not in conflict with those rules, this chapter." (Emphasis added.)
 {¶ 36} Because Prechtl's appeal from the mayor's court to the municipal court is "[a]n appeal of a final order, judgment, or decree of a court," it is reasonable to look to R.C. Chapter 2505 for guidance in determining what sorts of orders of a mayor's court are subject to appellate review in a municipal court. We would be loathe to hold that every order of a mayor's court, no matter how insignificant, is subject to appellate review.
 {¶ 37} A post-judgment order may come within the statutory definition of "a final order that may be reviewed, affirmed, modified, or reversed," if it is "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." R.C. 2505.02(B)(2). To affect a substantial right, an order must resolve the dispute concerning the right with finality. If the order does not foreclose the would-be appellant from obtaining the relief she claims as a matter of right, then the order lacks the requisite finality, and cannot be said to affect a substantial right. See Stackhouse v.Stackhouse (November 8, 1996), Montgomery App. No. 15710, where the contemplation, in the order from which the appeal was taken, of future hearings on the issue in dispute precluded the order from having the requisite finality.
 {¶ 38} In the case before us, Prechtl contends that her present indigency precludes her being jailed as a result of failure to pay her fines and costs, and seeks relief from her obligation to pay the fines and costs while she is unable, due to her indigency, to do so. The order of the mayor's court did not purport to preclude her from ultimately obtaining the requested relief. While indicating that the mayor was so far unimpressed with Prechtl's proof, the order merely required her either to pay the installment due by September 7, 2004, or to appear before the mayor's court that evening for a determination of whether she could presently pay any part of her fines and costs and, if so, how much.
 {¶ 39} We conclude that the order of the mayor's court from which Prechtl took her appeal to the municipal court was not a final order subject to review. Accordingly, the municipal court correctly determined that it lacked jurisdiction, and dismissed the appeal, albeit for the wrong reason.
 {¶ 40} Prechtl's First Assignment of Error is overruled.
 III {¶ 41} Prechtl's Second and Third assignments of error are as follows:
 {¶ 42} "THE COURT INCORRECTLY UPHELD THE MORAINE MAYOR'S COURT DECISION OVERRULING APPELLANT'S MOTION TO SUSPEND FINES.
 {¶ 43} "THE TRIAL COURT INCORRECTLY UPHELD THE MORAINE MAYOR'S COURT PRACTICE OF REQUIRING APPELLANT TO `PAY OR APPEAR' EVERY OTHER WEEK."
 {¶ 44} Despite the fact that the municipal court found that it lacked jurisdiction to consider Prechtl's appeal, and dismissed her appeal, the trial court nevertheless "found" that the mayor's court had not erred in overruling Prechtl's motion and that its practice of requiring her either to pay or appear every other week was not unlawful. Both of these findings amounted to mere advisory opinions, in view of the trial court's conclusion that it lacked jurisdiction. The findings are obiter dicta, and cannot, therefore, constitute prejudicial error. We note, also, that the subject raised in Prechtl's Third Assignment of Error in this court was not a subject of her notice of appeal in the municipal court. That notice of appeal identified solely the mayor's court's order denying her motion to suspend her fines as the order from which her appeal was taken, and that order did not require Prechtl either to pay or to appeal every other week.
 {¶ 45} Although Prechtl cites R.C. 2947.14 for the proposition that she is entitled to a hearing concerning her ability to pay her fines before she can be incarcerated as a result of her failure to pay, that would not seem to preclude the mayor's court from requiring her either to pay the fines, or to appear before the court, at which time her ability to pay could be the subject of a hearing. We would not equate a requirement to appear in court with incarceration in jail.
 {¶ 46} In any event, we conclude that any error in the municipal court's findings with respect to which Prechtl's Second and Third assignments of error are concerned are necessarily harmless in view of the fact that the trial court correctly dismissed her appeal; therefore, Prechtl's Second and Third assignments of error are overruled.
 IV {¶ 47} All of Prechtl's assignments of error having been overruled, the judgment of the Kettering Municipal Court dismissing her appeal from the Moraine Mayor's Court is Affirmed.
Wolff and Donovan, JJ., concur.